Michael G. Helms – 014470
**THE HELMS LAW FIRM, P.L.C.**
2600 North Central Avenue, Suite 940
Phoenix, Arizona 85004
Telephone:  (602) 358-2060
Fax:  (602) 358-2055

Attorneys for Best Western International, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff<br><br>vs.<br><br>Horizon Hospitality, L.L.C., an Alabama limited liability company; and Vijay Patel, an individual,<br><br>Defendants. | No. CV 08-1932-PHX-HRH<br><br><br>**SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT** |

Pursuant to Order of the Court of March 4, 2009, Plaintiff, Best Western

International, Inc., by and through undersigned counsel, submits the following

information requested by the Court:

**Preliminary:  the Membership Application and Agreement**

Though the Defendants signed and submitted a Best Western Membership

Application and Agreement in December, 2006, Best Western cannot now locate that

agreement.  No hotel owner can associate its hotel with Best Western or receive the Best

Western services, however, without having submitted a signed Membership Application

and Agreement and having that agreement approved by Best Western (see, Supplemental

Affidavit of Cheryl Pollack, filed herewith).  Notwithstanding that Best Western cannot now locate Defendantsø Membership Application and Agreement, records of Best Western signed by Defendants confirm Defendantsø agreement to abide by the provisions of the Membership Application and Agreement.  Submitted herewith is a Supplemental Affidavit in Support of Motion for Default Judgment, including Defendantsø signed agreement pursuant to a õTerms of Approvalö letter to abide by all obligations of the Membership Application and Agreement.  The õTerms of Approvalö letter also confirms receipt and approval of Defendantsø Membership Application and Agreement.

Such evidence of the contents of the lost original Membership Application and Agreement may be considered pursuant to Rule 1004, Federal Rules of Evidence.

**Legal basis for requested rate of interest:**

The Membership Agreement between Best Western and the Defendants provides, at paragraph 37, that the Membership Agreement shall be governed and construed according to the laws of the State of Arizona.

A.R.S. 44-1201 provides, among other matters, that õinterest on any loan, indebtedness, judgment or other obligation shall be at the rate of ten per cent per annum, *unless a different rate is contracted* for in writing, in which event any rate of interest may be agreed to.ö (emphasis added).  Here, paragraph 12 of the Membership Agreement provides that past due amounts (owing to Best Western) shall bear interest at the rate of one and one half percent (1.5%) per month from the due date until paid...ö.  Accordingly, Best Western has charged Defendantsø account with pre-judgment interest at the rate of

1.5% per month on all unpaid balances that are more than 45 days past due.

Calculating the interest charges on a monthly basis does, as noted by the Court, effectively result in a compounding of interest.  The compounding of interest in Arizona is not unlawful.  See, Ace Automotive Products, Inc. v. Van Duyne, 156 Ariz. 140, 750 P.2d 898 (1987); Greer v. Greer, 56 Ariz. 394, 108 P.2d 398 (1941).

Finally, as the Court has requested an interest calculation to near date, and a per diem amount to be applied thereafter, such calculation as above-described, results in a balance due on Counts I and II of the Complaint in the amount of $134,979.07 as of March 1, 2009, and a per diem amount of $67.49 thereafter.

**Liquidated damages calculation**

The Membership Agreement, at paragraph 24, provides for liquidated damages in the event Defendants did not remove the Best Western name, logos and trademarks from the Hotel within fifteen (15) days following termination of the membership.  Such liquidated damages applies commencing upon the sixteenth (16th) day following termination, and is calculated as 15% of the mean of the Hotel's room rates per room per day multiplied by the number of rooms.

In this case, Exhibit E to the Affidavit in Support of Motion for Default Judgment (Docket No. 21) reflects that the Hotel's room rates were from $105 to $125 per night.  The mean of such rates is $115.  The Hotel has 198 rooms (as shown on Exhibit E).  Fifteen percent (15%) of the mean room rate is $17.25; multiplied by the number of rooms (198) calculates to a daily liquidated damages amount of $3,415.50.  The number

of days commencing with the 16th day (March 7, 2008) following termination of the membership and continuing until October 29, 2008 (the last date for which Best Western has provided evidence of Defendants' continued infringement) is 237 days.  The number of days (237) multiplied by the daily liquidated damages amount ($3,415.50) results in total liquidated damages of $809,473.50 (slightly more than the calculation made in the Affidavit in Support of Motion for Summary Judgment).

**Attorney's fees**

Plaintiff's motion requests attorney's fees and expenses that include the period from May 14, 2008, to October 9, 2008.  During this period, Plaintiff commenced an action (identical to the instant action) in the United States District Court for the District of Arizona at Case Number CIV 08-0942-PHX-MHM.  In that action, Plaintiff was unable to obtain sufficient service of summons upon defendants, as the process server attempted service upon Defendant Horizon Hospitality by delivery to the administrative assistant of the registered agent of the limited liability company; and upon Defendant Patel by leaving with Defendants' hotel manager at Defendant's place of employment. Plaintiff's motion to extend the time for service of summons in that action was thereafter denied by the Court, and Plaintiff voluntarily dismissed such action, without prejudice. This action followed.

The Membership Agreement, at paragraph 36, provides that Defendants are liable to Best Western "for all attorney's fees, costs and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed."  The attorney's fees

and costs are not limited to the current lawsuit, but rather include all fees incurred in connection with the breach of the Membership Agreement.  Accordingly, Plaintiff has requested that all attorney's fees and costs incurred in the pursuit of its claims against the Defendants be awarded.

Dated this 6th day of March, 2009.

THE HELMS LAW FIRM, P.L.C.


By____/s/ Michael G. Helms_____
   Michael G. Helms
   2600 North Central Avenue, Suite 940
   Phoenix, Arizona 85004
   Telephone: (602) 358-2060
   Attorneys for Plaintiff