IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

BEST WESTERN INTERNATIONAL, INC., )
an Arizona non-profit corporation, )
                                   )
                    Plaintiff,     )
                                   )
     vs.                           )
                                   )
HORIZON HOSPITALITY, L.L.C., an    )
Alabama limited liability company; )
and VIJAY PATEL, an individual,    )   No. 2:08-cv-1932-HRH
                                   )
                    Defendants.    )
_____)

DEFAULT JUDGMENT

Plaintiff's claim against the defendants is before the court on plaintiff's motion for default judgment.[1]

Defendants' default was duly entered by the clerk of court on February 13, 2009,[2] on plaintiff's application and based upon defendants' failure to answer or otherwise respond to plaintiff's complaint.

By failing to respond to plaintiff's complaint, the defendants have admitted the material allegations of plaintiff's complaint which are:

(1)  Defendants executed and plaintiff approved defendants' membership agreement with respect to the operation of a Best Western hotel. Defendants

---

[1]Docket No. 20.

[2]Docket No. 18.

- 1 -

     thereby agreed to abide by the terms and conditions of plaintiff's approval letter.  Defendants agreed to timely pay all fees, dues, charges, and assessments imposed under the membership agreement, and to pay for the costs of all goods and services provided by plaintiff.  Defendants agreed to pay 1.5% per month interest on overdue amounts.  There is due and owing to plaintiff $115,780.91, plus accrued interest.

(2) Defendants agreed that upon termination of their membership with plaintiff, they would remove all indicia of their association with Best Western, such as trademarks, devices, and designs symbolizing Best Western.  This was to be accomplished within 15 days from termination.  Defendants' membership with the plaintiff was terminated February 20, 2008.  Defendants have failed to remove all indicia of their association with plaintiff from the defendants' premises.  By the terms of defendants' membership agreement, the defendants agreed to pay liquidated damages if the defendants failed to remove the indicia of Best Western membership from their premises by 15 days after termination of the agreement.  The agreed formula for computing liquidated damages was 15% of the mean of the defendants' daily room rates, mul-

>    tiplied by the number of rooms, multiplied by the number of days subsequent to 15 days after termination of the agreement.  Plaintiff's formal proof[3] reflects that the mean rate for defendants' rooms was $115.00; therefore, the 15% factor is $17.25.  Multiplying the latter amount by 180 rooms produces a daily liquidated damages amount of $3,415.50.  In excess of 237 days have elapsed since 15 days following the termination of defendants' agreement with plaintiff; and, therefore, the agreed liquidated damages are $809,473.50.

Paragraph (1) above addresses Counts I and II (breach of contract and open account) of plaintiff's complaint.  Plaintiff's Count III (breach of contract — post-termination use of trademarks) is addressed by paragraph (2) above.

Counts IV through IX deal with trademark infringement, unfair competition, trademark dilution, and trademark infringement.  By their default, the defendants have admitted the material allegations of these claims.  The court finds that, as regards Counts IV through IX, plaintiff is entitled to injunctive relief against defendants as hereinafter set forth.

Based upon plaintiff's supplemental filing with respect to their motion for summary judgment, the court concludes that the pre-judgment interest sought by plaintiff (which includes some com-

---

[3]Docket No. 23.

pounding) is lawful as to Counts I and II.  As to Count III, plaintiff is entitled to statutory interest.

The agreement between plaintiff and defendants made provision for plaintiff to recover all attorney fees, costs, and expenses incurred by plaintiff in connection with a breach or violation of the membership agreement.  Plaintiff has incurred reasonable and necessary attorney fees in the amount of $4,320.00 and costs in the total amount of $1,087.48 in connection with its claims against the defendants.

It is therefore ordered, adjudged, and decreed that:

(1) As to Counts I and II of plaintiff's complaint, defendants Horizon Hospitality, LLC, and Vijay Patel are jointly and severally liable to plaintiff Best Western International, Inc., in the amount of $134,979.07, inclusive of interest to March 1, 2009.  Additional interest accrues subsequent to March 1, 2009, at the rate of $67.49 per day on the foregoing principal sum, until paid.

(2) As to Count III, defendants Horizon Hospitality, LLC, and Vijay Patel are jointly and severally liable to plaintiff Best Western International, Inc., in the amount of $809,473.50 in liquidated damages.  Plaintiff shall recover interest on this sum pursuant to 28 U.S.C. § 1961.

(3) Defendants Horizon Hospitality, LLC, and Vijay Patel are jointly and severally liable to plaintiff

Best Western International, Inc., for the total of its attorney fees and costs in the amount of $5,407.48, plus interest pursuant to 28 U.S.C. § 1961.

(4) As to Counts IV through IX, defendants Horizon Hospitality, LLC, and Vijay Patel and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with said defendants, are permanently enjoined from:

  (a) making any use of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks;

  (b) displaying, authorizing, licensing, or assisting or facilitating any other person's or entity's use or display of the Best Western Marks or any colorable imitation thereof;

  (c) using anything consisting of or incorporating any one or more words, letters, designs, or devices that contain any component of the Best Western Marks, or which singly or together are similar in spelling, sound, appearance, or in any other manner to the Best Western Marks;

  (d) Defendants and any other persons and entities acting on behalf of or in concert with defendants, are directed to immediately and per-

manently remove all Best Western Marks as used on the premises of, or in reference to, the Hotel including (without limitation) any road signs, wall signs, or any other display or item bearing any of the Best Western Marks;

(e) Defendants and any other persons and entities acting on behalf of or in concert with defendants are enjoined from applying for, pursuing, or owning any applications or registrations, including without limitation any domain names, business names, corporate names, trade names, trademarks, service marks or d/b/a's that contain any component of the Best Western Marks, any colorable imitation thereof, or any confusingly similar Marks;

(f) Defendants and any other persons and entities acting on behalf of or in concert with defendants, are directed to immediately notify all advertisers, search engines, and providers of related services that defendants' Hotel is not affiliated with Best Western and are required to cause the cessation of all advertising and distribution of promotional material containing any of the Best Western Marks, any colorable imitation thereof, or any other confusingly similar marks, and enjoining defen-

    dants from using any such marks (or any imitations or marks confusingly similar thereto) anywhere on the Internet or elsewhere, including without limitation any use on or with any websites, domain names, metatags, key words, banner ads, or search engines.

DATED at Anchorage, Alaska, this <u>16th</u> day of March, 2009.

           <u>/s/ H. Russel Holland</u>
           United States District Judge